**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | No. 26cv7096 (EP) (SDA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Eric Coleman, a convicted state prisoner confined at Northern State Prison ("NSP") in Newark, New Jersey, filed a civil rights complaint under 42 U.S.C. § 1983 against Defendants New Jersey Department of Corrections ("NJDOC"), Administrator Fathom Borg, and Rutgers Health Care. D.E. 1 ("Complaint" or "Compl.") at 2–5.[1]

Plaintiff seeks to proceed *in forma pauperis* ("IFP"). D.E. 5 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** his IFP Application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Liberally construed, the Complaint alleges that Defendants delayed or denied outside medical care for Plaintiff's serious health conditions. Compl. at 4–6. Because Plaintiff fails to state a claim under 28 U.S.C. § 1915(e)(2)(B), the Court will **DISMISS *without prejudice*** the Complaint.

[1] Page citations are to the page numbers assigned by the Court's Case Management and Electronic Case Filing system, CM/ECF.

## I. BACKGROUND

Plaintiff alleges that he has "serious medical needs . . . causing emotional distress" and concludes Defendants have "shown deliberate indifference" to those needs and "delayed/or denied outside medical care." Complaint at 4–6. However, Plaintiff does not identify any particular Defendant who knew of his medical needs and deliberately denied or delayed necessary treatment. Plaintiff asks the Court to award money damages for various medical issues and injunctive relief ordering proper medical care. *Id.* at 8.

## II. LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Complaints may be dismissed where they fail to state a claim, a standard identical to the one applicable to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)).[2] To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

## III. ANALYSIS

### A. The Court Will Grant Plaintiff's IFP Application

Plaintiff states he has approximately $65 in monthly income. D.E. 7 at 2. The account statement attached to his IFP application reflects a balance below $100 through the reported period. D.E. 8 at 7–8. The Court determines that Plaintiff has "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Plaintiff's IFP Application.

### B. Plaintiff Has Failed to State a Claim

Plaintiff brings a claim for failure to provide proper medical care. *See* Compl. However, Plaintiff does not identify any particular treatment request, allege any facts identifying what medical care was not provided or actions Defendants did or did not take that resulted in proper medical care not being provided. Without allegations connecting the alleged denial of care to any of Defendant's conduct, Plaintiff has not stated a plausible claim under Rule 12(b)(6). *Twombly*, 550 U.S. at 556. Therefore, the Court will **DISMISS *without prejudice*** the Complaint.

## IV. CONCLUSION AND ORDER

For the reasons explained above,

**IT IS**, on this **16th** day of November, 2026,

**ORDERED** that Plaintiff's IFP Application, D.E. 5, is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED** ***without prejudice***; and it is further

**ORDERED** that Plaintiff may file a proposed amended complaint within **45 days** of this Order to cure the deficiencies identified herein; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter, subject to reopening by the Court upon Plaintiff's timely filing of a proposed amended complaint. If Plaintiff fails to timely file a proposed amended complaint, the Court may dismiss this action *with prejudice* under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and it is finally

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.